IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02513-LTB

[VINCENT TODD MARTIN],
DELORIES ALEXANDER,
ROBERT HAMPTON,
DARLENE HAMPTON,
JASMINE[']S MOM LEAH,
MY UNCLE JESSE MELSON, and
SCOTTIE DAVIS,

    Plaintiffs,

v.

JEFF JOHNSON,
PAUL BOURLESON at Friendship,
DALLAS BOURLESON,
STACIE BOURLESON,
DENZALE BOURLESON,
PAUL THORN,
DEPUTY STARKS,
KATHEY HAMPTON,
DEPUTY COOPER,
CHERYL ADDISON,
ROBERT POLK,
BROTHER ROSEVELT,
LEATHA YOUNG,
TAYLOR, 19 years old,
SHEQUETA, 18 years old,
DEANDRE, 20 years old, and
GEORGE ANNE REDD,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

    This matter is before the Court on the motion to reopen (ECF No. 31) that

Plaintiff, Vincent Todd Martin, filed *pro se* on January 6, 2014.  The Court must construe

the motion to reopen liberally because Mr. Martin is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the motion to reopen will be treated as a motion seeking relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and is denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b).  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)).  Mr. Martin's motion was filed more than twenty-eight days after the Court's Order of Dismissal (ECF No. 16) was entered on November 5, 2012.  Therefore, the motion will be construed as a motion to reconsider filed pursuant to Fed. R. Civ. P. 60(b).

On November 5, 2012, the Court entered a dismissal order pursuant to the motion Mr. Martin filed on October 4, 2012 (ECF No. 10), asking to pursue this case at a later time, and which the Court construed as a notice of voluntary dismissal.  The November 5 dismissal order discusses in detail the reasons for the dismissal.  Mr. Martin's motion to reconsider fails to address those reasons.

Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994). After review of the motion and the entire file, the Court finds that Mr. Martin fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Martin's Fed. R. Civ. P. 60(b) motion does not alter the Court's conclusion that this action properly was dismissed. Therefore, the Fed. R. Civ. P. 60(b) motion will be denied.

Accordingly, it is

ORDERED that the motion to reopen (ECF No. 31) that Plaintiff, Vincent Todd Martin, filed *pro se* on January 6, 2014, and which the Court has treated as a motion seeking relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, is denied. It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this 8th day of January, 2014.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court